Filed: 12/3/2019 1:21 PM
Lynne Finley
District Clerk
Collin County, Texas
By Brittany Jagger Deputy
Envelope ID: 38927430

CAUSE NUMBER 471-06736-2019

| | | |
|---|---|---|
| CASSANDRA NORCUTT | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | COLLLIN COUNTY, TEXAS |
| | § | |
| ATAIN SPECIALTY INSURANCE COMPANY | § | |
| | § | |
| Defendant. | § | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Cassandra Norcutt ("Plaintiff"), in the above referenced and numbered action complaining of Atain Specialty Insurance Company ("Defendant"). Plaintiff would show unto the court the following:

### I.

### DISCOVERY CONTROL PLAN

1.1     Plaintiff intends to conduct discovery under Level 3 of the Texas Rules of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process in Rule 169.

1.2     Plaintiff seeks specific performance and monetary relief of over $1,000,000.00. Plaintiff reserves the right to amend its claim for relief should it become necessary at some time in the future.

## II.

## PARTIES

2.1 Plaintiff may be served with legal process by and through her attorney of record, Huhem Law Firm, PLLC, located at 5601 Bridge Street, Suite 504, Fort Worth, Texas 76112.

2.2 Defendant Atain Specialty Insurance Company may be served with legal process by serving its agent, Matthew O. Brady, at 2301 E. Lamar Blvd., FL 5, Arlington, Texas 76006.

## III.

## JURISDICTION AND VENUE

3.1 The Court has subject matter jurisdiction over this lawsuit because the amount in controversy exceeds the Court's minimum jurisdiction requirements.

3.2 The Court has personal jurisdiction ever the parties to this lawsuit because the Plaintiff resides in Collin County, Texas, and Defendant does business in Tarrant County, Texas.

3.3 Venue is proper in Collin County under Texas Civil Practice & Remedies Code Section 15.002 because the actions and omissions that are the subject of this lawsuit occurred and continue to occur in Collin County, Texas.

## IV.

## BACKGROUND AND FACTS

4.1     On or about June 20, 2019, Plaintiff purchased a full coverage insurance policy from Defendant for coverage in the event of property damage to her historic building, including damage caused by fire. The purchased insurance covered the property through June of 2020.

4.2     On or about July 13, 2019, Plaintiff's historic building was damaged due to fire, which completely destroyed the entire building.

4.3     Plaintiff promptly reported the loss to Defendant and made a claim under the insurance policy.

4.5     Despite Plaintiff's notice of the claim to Defendant, Defendant stalled its evaluation of the loss.

4.6     Defendant failed to conduct a timely, reasonable investigation. Instead, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a delayed, biased, unfair and inequitable evaluation of Plaintiff's claim.

4.7     On November 4, 2019 Defendant denied Plaintiff's claim because it argued the fire, which caused the total destruction of Plaintiff's historic building, started at the building next-door to Plaintiff's building.

4.8     To date, Defendant has failed to pay Plaintiff's claim even though Defendant's liability is reasonably clear.

4.9     Defendant's failure to provide coverage for Plaintiff's loss has caused, and continues to cause, significant damages to Plaintiff.

## V.

## BREACH OF INSURANCE CONTRACT

5.1     Plaintiff incorporates and re-alleges the allegations set forth above.

5.2     Plaintiff and Defendant entered into an agreement for insurance coverage in which Defendant agreed to repair or replace Plaintiff's building if damaged due to fire.

5.3     Plaintiff properly made a claim for damages under its insurance agreement with Defendant.

5.4     Defendant's liability under the contract was reasonably clear.

5.5     Defendant, however, failed to comply with the insurance agreement by, among other things, refusing to provide coverage.

5.6     As a result of Defendant's failure to comply with the policy contract, Plaintiff suffered significant damages.

## VI.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

6.1     Plaintiff incorporates and re-alleges the allegations set forth above.

6.2     There was an insurance contract between Plaintiff and Defendant in which Defendant had a duty to repair and/or replace Plaintiff's building in the event of a fire.

6.3     Plaintiff's building was destroyed due to fire. Plaintiff properly made a claim for damages under its insurance agreement with Defendant and liability was reasonably clear. But Defendant intentionally delayed investigating the claim, and then, in an act of bad faith, looked for a reason to deny coverage instead of fairly addressing the claim in good faith.

6.4     Because of Defendant's willful, intentional and reckless failure to comply with the policy contract, Plaintiff suffered significant damages.

## VII.

## DECEPTIVE INSURANCE PRACTICES

7.1     Plaintiff incorporates and re-alleges the allegations set forth above.

7.2     Plaintiff is a resident of Texas and Defendant is a legal entity engaged in the business of insurance in the State of Texas.

7.3     Defendant engaged in deceptive insurance practices when, among other things, it marketed and sold a policy to Plaintiff, representing that the policy would fully cover Plaintiff's building if damaged due to certain hazards, including fire, and that Defendant would promptly pay claims that were reasonably clear.

7.4     Defendant knew or should have known that this representation was false when it made it, and was reckless when it made it. Plaintiff relied on this representation to its detriment.

7.5     Also Defendant did not attempt in good faith to bring about a prompt, fair and equitable settlement of Plaintiff's claim even though its liability was reasonably clear. Instead Defendant intentionally delayed and sought to find a reason to deny the claim and avoid covering Plaintiff's loss.

7.6     As a result of Defendant's willful, intentional and reckless failure to comply with the policy contract and their express representations, Plaintiff suffered significant damages.

## VIII.

## LATE PAYMENT OF INSURANCE CLAIMS

8.1     Plaintiff incorporates and re-alleges the allegations set forth above.

8.2     Plaintiff timely and properly made a claim under its insurance policy when its apartment offices were damaged by fire. Defendant violated chapter 542 of the Texas Insurance Code when it failed to timely accept Plaintiff's claim and also when it failed to promptly investigate Plaintiff's claim and again when it refused to timely pay Plaintiff's claim.

6

Plaintiff's Original Petition

8.3  As a result of Defendant's failure to comply with these duties, Plaintiff suffered significant damages.

## IX.

## **DECEPTIVE TRADE PRACTICES ACT**

9.1  Plaintiff incorporates and re-alleges the allegations set forth above.

9.2  Plaintiff is a resident of the State of Texas and Defendant is a legal entity engaged in the business of insurance. Defendant engaged in deceptive trade practices when, among other things, it marketed and sold a policy to Plaintiff, representing that the policy would fully cover Plaintiff's building if it was destroyed and that it would promptly pay claims.

9.3  Defendant knew or should have known that this representation was false when it made it, and it was reckless when it made it.

9.4  Plaintiff relied on this representation to her detriment.

9.5  Also Defendant did not attempt in good faith to bring about a prompt, fair and equitable settlement of Plaintiff's claim even though its liability was reasonably clear. Instead it intentionally delayed investigation of the claim and sought out ways to deny Plaintiff's claim.

9.6  As a result of Defendant's actions, Plaintiff suffered significant damages.

7

Plaintiff's Original Petition

## X.

## NEGLIGENCE

10.1 Plaintiff incorporates and re-alleges the allegations set forth above.

10.2 Defendant owed a duty to Plaintiff under the insurance policy, and also by its own representation, to promptly and diligently investigate and pay Plaintiff's claim for fire damage.

10.3 Defendant breached its duty when it failed to promptly and fairly investigate Plaintiff's claim and when it refused to provide coverage to Plaintiff.

10.4 Due to Defendant's negligence and breach of duty, Plaintiff suffered substantial injury.

## XI.

## BREACH OF EXPRESS WARRANTIES

11.1 Plaintiff incorporates and re-alleges the allegations set forth above.

11.2 Plaintiff and Defendant entered into an agreement for insurance coverage in which Defendant agreed to repair or replace any damaged areas to Plaintiff's building due to fire.

11.3 Plaintiff's entire building was destroyed due to fire. Plaintiff properly made a claim for damages under its insurance agreement with Defendant.

8

Plaintiff's Original Petition

11.4 Defendant, however, failed to comply with the insurance agreement by, among other things, refusing to promptly investigate and resolve the claim, and refusing to provide coverage to Plaintiff.

11.5 As a result of Defendant's failure to comply with its agreement and representations, Plaintiff suffered significant damages

## XII.

## ATTORNEY'S FEES

12.1 Plaintiff incorporates and re-alleges the allegations set forth above.

12.2 Pursuant to Tex.Civ.Prac. & Rem.Code § 38.001 et seq., Plaintiff is entitled to recover its reasonable attorney fees. Plaintiff is also entitled to recover reasonable and necessary attorney fees for prosecuting this suit under Texas Business & Commerce Code section 17.50(d).

12.4 As a result of Defendant's failure and refusal to pay Plaintiff's claim, Plaintiff is entitled to recover an additional sum to compensate for its reasonable attorney's fees incurred in bringing this suit, with further and subsequent awards of attorney's fees in the event of appeals from this Court.

## XIII.

## JURY DEMAND

13.1 Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## XIV.

## CONDITIONS PRECEDENT

14.1 All conditions precedent necessary for Plaintiff to have and recover in this action have been performed or have occurred.

## XV.

## REQUEST FOR DISCLOSURE

15.1 Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## XVI.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully requests that citations issue and process be served on Defendant, and that upon final hearing, Plaintiff have and recover judgment from and against Defendant for the following relief:

1. Actual damages;

2. Incidental and consequential damages, as determined by the common law;

3. Punitive and exemplary damages as the jury and judge may award, including three times the actual damages for Defendants' willful and wanton conduct;

4. Attorney's fees;

5. Pre-judgment interest;

6. Post-judgment interest;

7. Cost of court; and

8. Any and all other relief, general or special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,<br>
HUHEM LAW FIRM, PLLC

By:   /s/ Victor Huhem
Victor D. Huhem
State Bar No. 24068282
5601 Bridge St., Suite 504
Fort Worth, TX 76112
(817) 851-1354
(888) 420-8997 Fax
vhuhem@huhemlaw.com
service@huhemlaw.com
Attorney for Plaintiff